**Appeal Dismissed and Memorandum Opinion filed August 23, 2016.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-16-00069-CV

### JOHN N. BRUGGER, Appellant

### V.

### JERRY SWINFORD AND JASON SWINFORD, Appellees

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2015-58884**

## M E M O R A N D U M   O P I N I O N

Appellees Jerry Swinford and Jason Swinford sued appellant John Brugger for defamation, libel and business disparagement. In this interlocutory appeal, Brugger challenges the trial court's order denying his motion to dismiss under section 27.003 of the Texas Civil Practice and Remedies Code, a provision of the Texas Citizens' Participation Act (TCPA). Because Brugger has not proven by a preponderance of the evidence that the Swinfords' legal action is based on, relates

to, or is in response to Brugger's exercise of the right of free speech, we dismiss the appeal.

## BACKGROUND

This case arose from a dispute concerning Coil Tubing Technology, Inc. ("CTT"), a publicly traded company that develops and markets specialty tools and solutions for the exploration and production of hydrocarbons. According to the Swinfords' petition, appellee Jerry Swinford was the owner of several patents that interested CTT. Jerry and Jason Swinford joined CTT and became officers of the company. CTT also agreed to purchase Jerry's patents in a separate transaction, but a significant portion of the agreed payment was not made.

The Swinfords allege that Brugger, an attorney connected to CTT, sent a letter to Jerry Swinford indicating that he had discussed the "CTBG Intellectual Property Purchase" with a number of CTT shareholders, who authorized him to bring self-dealing claims against the Swinfords. Brugger also indicated he warned an individual named "Mr. Connaughton" not to settle with the Swinfords and discussed the matter with CTT's largest shareholder, "Mr. Pohlmann." The Swinfords allege that Brugger admitted he told shareholders of CTT that the Swinfords "[were] self-dealing, guilty of crimes, and that they should have criminal charges brought against them," and "compared the Swinfords to Jim Dial, a Houston businessman who plead guilty to conspiracy to commit wire fraud relating to artificial inflation of stock prices."

In October 2015, the Swinfords filed suit against CTT alleging breach of contract, and against Brugger alleging defamation, business disparagement, and libel. Brugger answered with a general denial and filed a motion to dismiss under

2

the TCPA, our State's "anti-SLAPP" statute.[1] Brugger's motion to dismiss argued that the TCPA applies because the Swinfords' claims against him, on their face, were based on, related to, and were made in response to his exercise of the right of free speech. The Swinfords responded that Brugger had not met his burden to establish the suit was based on, related to, or in response to his exercise of free speech because he had offered no evidence and relied on a conclusory statement that the claims arose from his exercise of the right to free speech.

The trial court denied Brugger's motion to dismiss without specifying the grounds on which it based its ruling. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (West Supp. 2015).

### ANALYSIS

In his sole issue, Brugger contends the trial court erred by denying his motion to dismiss the Swinfords' claims because (1) the claims against Brugger were based on, related to, or in response to Brugger's exercise of the right of free speech as defined in the TCPA, and (2) the Swinfords failed to present clear and specific evidence of each element of their causes of action. The Swinfords contend Brugger failed to meet his burden of showing by a preponderance of the evidence that their claim was based on, related to, or in response to Brugger's exercise of the right to free speech. We agree.

### I. Standard of review

We review the trial court's denial of Brugger's motion to dismiss de novo, making "an independent determination and appl[ying] the same standard used by the trial court in the first instance." *Rehak Creative Servs. v. Witt*, 404 S.W.3d 716, 726 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), *disapproved on*

---

[1] "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Jardin v. Marklund*, 431 S.W.3d 765, 769 (Tex. App.— Houston [14th Dist.] 2014, no pet.).

*other grounds by In re Lipsky*, 460 S.W.3d 579 (Tex. 2015). Application of this standard is a "two-step process." *Lipsky*, 460 S.W.3d at 586. First, we must determine whether the defendant-movant has shown, by a preponderance of the evidence, the plaintiff's legal action is "based on, relates to, or is in response to the exercise of: (1) the right of free speech; (2) the right to petition, or (3) the right of association." *Id.* (citing Tex. Civ Prac. & Rem. Code Ann. § 27.005(b) (West 2015)). "If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the second step shifts the burden to the plaintiff to 'establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Id*. at 587 (citing Tex. Civ Prac. & Rem. Code Ann. § 27.005(c)). We consider the parties' pleadings and affidavits when reviewing a ruling on a TCPA motion to dismiss. Tex. Civ Prac. & Rem. Code Ann. § 27.006(a). We are to view the pleadings and evidence in the light most favorable to the non-movant. *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 214–15 (Tex. App.—Houston [1st. Dist.] 2014, no pet.).

## II. Brugger has not shown that the Swinfords' action is based on, relates to, or is in response to his exercise of the right of free speech.

Brugger contends the TCPA applies because the facts alleged in Swinfords' petition, on its face, establish that their claim is based on, related to, or in response to Brugger's exercise of the right of free speech.

The purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002. To that end, the TCPA provides a procedure for the expedited dismissal of retaliatory lawsuits that seek to intimidate or silence citizens on matters of public concern. *In re*

4

*Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). The TCPA "shall be construed liberally to effectuate its purpose and intent fully." Tex. Civ. Prac. & Rem. Code Ann. § 27.011(b). The TCPA defines the "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." *Id*. § 27.001(3). A "matter of public concern" includes an issue related to "(A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." *Id.* § 27.001(7).

In his motion to dismiss, Brugger focused solely on the statements alleged in paragraph twelve of the Swinfords' original petition, arguing that they implicate Brugger's exercise of his right of free speech under the TCPA because the statements are related to economic well-being. We therefore look only to the facts alleged in paragraph twelve of the Swinfords' petition to determine whether Brugger's free speech rights were implicated. *See* Tex. R. App. P. 33.1; *see also Lahijani v. Melifera Partners, LLC*, No. 01-14-01025-CV, 2015 WL 6692197, at *3 (Tex. App.—Houston [1st. Dist.] November 3, 2015) (no pet.) (mem. op.) (concluding where defendant's motion to dismiss under TCPA argued only that defendant's statements were related to a "service in the marketplace," only that theory was preserved for review).

Paragraph twelve of the Swinfords' petition alleged that Brugger sent a communication to Jerry Swinford, in which Brugger said he discussed the "CTBG Intellectual Property Purchase" with a number of shareholders, who authorized him to bring self-dealing claims against the Swinfords. In addition, Brugger said he had "informed Mr. Pohlmann of my disgust with your proposal to settle with Mr. Connaughton" and had warned Mr. Connaughton that he risked being sued for aiding and abetting the Swinfords.

5

The original petition does not elsewhere mention a "CTBG Intellectual Property Purchase," the alleged subject of Brugger's statements that the Swinfords were self-dealing. Although the Swinfords alleged that Jerry sold patents to CTT, there is no indication that this sale was the CTBG Intellectual Property Purchase. The pleading further lacks any details that would connect the CTBG Intellectual Property Purchase or the possible settlement with Connaughton to a matter of public concern related to economic well-being. Brugger points to an allegation that CTT's purchase of patents from Jerry Swinford was publicly disclosed in a Form 10 filing. As we have explained, however, the petition does not indicate that this sale was the subject of Brugger's accusation of self-dealing. Because we are to view the pleadings and evidence in the light most favorable to the non-movant, we cannot draw inferences against the Swinfords to hold that the TCPA applies. *See Cheniere Energy*, 449 S.W.3d at 214–15 (concluding that the TCPA could not be applied where, based on the pleadings alone, it was "simply unknown" whether the alleged communication satisfied the statutory definition of an exercise of the right of association).

At most, the facts alleged in paragraph twelve establish that Brugger's communication is connected to a business dispute, which is insufficient to elevate it to a matter of public concern under the TCPA. *See Lahijani*, 2015 WL 6692197, at *4 (concluding statements regarding a business dispute over a real estate transaction were not a matter of public concern); *see also ExxonMobil Pipeline Company v. Coleman*, 464 S.W.3d 841, 846 (Tex. App.—Dallas 2015, pet. filed) (concluding that communications regarding an employee's failure to perform his duties were an internal personnel matter and were not a matter of public concern, despite a tangential relationship to economic well-being). We conclude that the facts alleged in paragraph twelve of the Swinfords' original petition do not

establish by a preponderance of the evidence that the alleged communications were made in connection with a matter of public concern. Accordingly, Brugger has not demonstrated that the Swinfords' suit was based on his exercise of the right to free speech. We overrule Brugger's sole issue.

## CONCLUSION

Because Brugger failed to meet his initial burden under section 27.005(b), we conclude that Brugger has not properly invoked the TCPA. Under binding precedent of this Court, therefore, we lack jurisdiction over Brugger's interlocutory appeal. *See Jardin*, 431 S.W.3d at 769; *cf. id.* at 775–76 (Frost, C.J., dissenting). We dismiss the appeal without reaching the question whether the Swinfords established a prima facie case for their claims. *See id.* at 774.


/s/    J. Brett Busby
        Justice


Panel consists of Justices Busby, Donovan, and Wise.